```
 1  FREEDMAN & TAITELMAN, LLP
    Bryan J. Freedman, Esq. (SBN 151990)
 2  Jesse Kaplan, Esq. (SBN 255059)
    1901 Avenue of the Stars, Suite 500
 3  Los Angeles, California 90067
    Tel: (310) 201-0005
 4  Fax: (310) 201-0045

 5  Attorneys for Plaintiff Mario Lavandeira, dba Perez Hilton
```

FILED
2008 JUL 21 PH 2:22

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LAVANDEIRA, dba PEREZ HILTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INFUSE, LLC, a New Jersey Limited Liability Company d/b/a www.perezrevenge.com; MARGIE E. ROGERS; ELIZABETH SILVER-FAGAN aka ELIZABETH SILVER; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV08-04764 AJW<br><br>COMPLAINT AND JURY DEMAND FOR:<br><br>1. Federal Unfair Competition and False Designation of Origin;<br>2. Federal Dilution;<br>3. Violation of the Anti-Cybersquatting Consumer Protection Act;<br>4. Dilution under § 14330 of the California Business and Professions Code; and<br>5. Unfair Competition and Deceptive Trade Practices under § 17200 of the California Business and Professions Code |

Plaintiff Mario Lavandeira, dba Perez Hilton ("Lavandeira"), an individual, hereby alleges as follows:

### INTRODUCTION

1. Defendants have set out on a campaign to mislead the public in an attempt to financially profit from their malicious and intentional infringement of Lavandeira's trademarks, "Perez Hilton" and "Perez." While Lavandeira has no issue with legal competition, he will not tolerate defendants' intentional and blatant attempt to unfairly profit from the time and energy he has invested to develop those marks.

1

COMPLAINT AND JURY DEMAND

2. Through defendants' use of Lavandeira's marks, defendants misdirect the public to their entertainment and celebrity news website www.perezrevenge.com. Defendants deceive the public and create the impression that www.perezrevenge.com emanates from, originates from, is associated with and/or is otherwise authorized or endorsed by Lavandeira, which results in lost sales and severe damage to Lavandeira's reputation and goodwill. Lavandeira seeks a temporary restraining order, preliminary and permanent injunctive relief, as well damages, an accounting of defendants' profits and an award of attorney's fees and costs.

## JURISDICTION, VENUE, AND PARTIES

3. This is an action for unfair competition/false designation of origin, trademark dilution, and cybersquatting under the Trademark Act of 1946, 15 U.S.C. §1051, et seq. as amended (the "Lanham Act"), and for dilution, unfair competition and deceptive trade practices under the laws of the State of California. This Court has original jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§1331, 1332 and 1338 and has jurisdiction over the state law claims under the principles of supplemental jurisdiction. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over defendants in that defendants conduct business in this District, defendants intentionally direct activities to this District, and the acts of infringement upon which the allegations in this Complaint are based occurred in this District.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) in that this is the District in which a substantial part of the events or omissions giving rise to the claims hereinafter set forth occurred.

6. Lavandeira is, and at all times herein mentioned was, an individual residing in Los Angeles County, California.

7. Upon information and belief, defendant Infuse, LLC ("Infuse ") is a limited liability company that conducts business in the State of California. Upon information and belief, Infuse owns and/or maintains the internet website www.perezrevenge.com.

8. Upon information and belief, defendant Margie E. Rogers ("Rogers") is an individual

who resides in the State of California. Upon information and belief, Rogers is the co-creator and editor of www.perezrevenge.com, and is responsible for that website's content, including the infringing material. Upon information and belief, Rogers posts infringing content onto www.perezrevenge.com from the State of California. Upon information and belief, at all relevant times herein, Rogers dominated and controlled Infuse. Upon information and belief, Rogers is, and at all relevant times herein was, Infuse's alter ego.

9. Upon information and belief, defendant Elizabeth Silver-Fagan aka Elizabeth Fagan ("Silver-Fagan") is an individual who resides in the State of New Jersey. Upon information and belief, Silver-Fagan is the co-creator and publisher of www.perezrevenge.com, and is responsible for that website's content, including the infringing material. Upon information and belief, at all relevant times herein, Rogers dominated and controlled Infuse. Upon information and belief, Silver-Fagan is, and at all relevant times herein was, Infuse's alter ego.

10. The true names and capacities, whether individual, corporate, associate or otherwise of the defendants named herein as DOES 1 through 10, inclusive, are unknown to Lavandeira who therefore sues said defendants by such fictitious names. Lavandeira alleges on information and belief that each of the defendants, including those designated as a DOE, are responsible for the events alleged herein and the damages caused thereby as a principal, agent, co-conspirator or aider and abettor. Lavandeira will seek leave of this Court to amend this Complaint to allege the true names and capacities of such defendants when the same have been ascertained.

11. Lavandeira alleges on information and belief that defendants, at all times relative to this action, were the agents, servants, partners, joint venturers and employees of each of the other defendants and, in doing the acts alleged herein, were acting with the knowledge and consent of each of the other defendants in this action.

**FACTS APPLICABLE TO ALL CAUSES OF ACTION**

12. Lavandeira is an internet celebrity gossip "blogger" and the owner of a commercial web log or "blog" found on the Internet at www.perezhilton.com (the "Website"), which he writes under the pseudonym Perez Hilton. Celebrities are the focus of his blog, and when

3

the sometimes newsworthy events of their lives unfold, the content of his site transforms gossip into journalism. Lavandeira has developed a successful business posting photos of celebrities, transforming them visually, and commenting on them using his own brand of humor.

13. Lavandeira generates considerable income by selling advertising space on the Website to advertisers.

14. Lavandeira and the Websites' enormous popularity has developed through word of mouth, extensive media coverage, and Lavandeira's marketing efforts. Lavandeira and/or the Website have been featured in magazines, newspapers, internet websites, and popular television shows.

15. Since approximately 2005, Lavandeira has used "Perez Hilton," and derivations of "Perez Hilton," including but not limited to, "Perez," to identify his goods and services to the consumer public. In particular, Lavendeira uses "Perez Hilton" and "Perez" to identify himself, his famous Website and its content.

16. Lavandeira is the sole owner of certain inherently distinctive trademarks related for goods and services related to Lavendeira and the Website, including the name "Perez Hilton," "Perez,""Perez TV, and "Perez Music." This includes prominent and distinctive artwork stating "Welcome to PEREZHILTON.COM" that Lavandeira uses throughout the Website, including the Website's homepage. These trademarks are collectively referred to hereafter as the "Perez Hilton Marks."

17. As a result of Lavandeira's enormous commercial success, the Perez Hilton Marks have acquired considerable value and have become associated by the consuming public with Lavandeira and the Website. The public uses the Perez Hilton Marks to identify Lavandeira as the source of his goods and services.

18. Defendants own, manage, and/or maintain the competing commercial website and the domain name, www.perezrevenge.com (the "Infringing Website").

19. Like Lavandeira's Website, the Infringing Website is an entertainment news and celebrity gossip web log. The Infringing Website in is in direct competition with the Website.

20. Defendants describe the Infringing Website as featuring "Celebrity news and

4

1  information as well as the only blog news site with a Perez twist." The "About Us" section of
2  Infringing Website states that it "[i]s a site where you can find the latest news and information about
3  your favorite celebrities."

4      21.     The Infringing Website in an interactive website that contains entertainment and
5  celebrity news articles, photographs, videos, and blog postings.

6      22.     The Infringing Website also features advertisements that are directed towards the
7  Infringing Website's visitors, in particular California consumers.

8      23.     Upon information and belief, defendants generate income by selling advertising space
9  on the Infringing Website to advertisers.

10      24.     Upon information and belief, defendants intentionally included "Perez" in the
11  Infringing Website's domain name, the Infringing Website's metatags, and to identify the Infringing
12  Website in order to trade on the fame and good will associated with the Perez Hilton Marks.

13      25.     Upon information and belief, defendants have attempted to capitalize off Lavandeira
14  and the Websites' commercial success, and the good will and fame associated with the Perez Hilton
15  Marks, by attempting to confuse the consumer public into believing that the Infringing Website is
16  affiliated with, sponsored or endorsed by Lavandeira.

17      26.     Without authorization or license from Lavandeira, Defendants have used the Perez
18  Hilton Marks and/or derivations of the Perez Hilton Marks, in this District and, upon information
19  and belief, throughout the United States, to identify the Infringing Website.

20      27.     In particular, the Infringing Website's domain name contains the Perez Hilton Marks.
21  Upon information and belief, the Infringing Website's metatags contain the Perez Hilton Marks.
22  Moreover, the Infringing Website contains prominent artwork and trade dress that is identical to, and
23  a direct copy of the artwork found on the Website's homepage. More specifically, Defendants have
24  counterfeited the Website's artwork which contains the phrase "Welcome to PEREZ."

25      28.     As a result of Defendants' conduct, Lavandeira has suffered irreparable harm to the
26  extent he has: (a) lost the right to control the commercial and trade use of the Perez Hilton Marks;
27  (b) lost earnings from potential advertising sales and (c) suffered damage to his reputation and
28  goodwill.

## COUNT I

### Federal Unfair Competition and False Designation of Origin

### (15 U.S.C. §1125 (a))

29.  Lavandeira repeats and re-alleges paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.  Defendants' use of the Perez Hilton Marks in connection with the Infringing Website misrepresents and falsely suggests to the general public the origin and source of the Infringing Website and creates a likelihood of confusion by consumers as to the source, sponsorship and endorsement of that website.

31.  Defendants' unlawful and unauthorized use of the Perez Hilton Marks on or in connection with the Lavandeira's creates the express and implied misrepresentations that Defendants' Infringing Website is authorized, endorsed or approved by Lavandeira.

32.  Defendants' conduct as described above is done willfully with knowledge of and/or grossly reckless disregard for Lavandeira's rights.

33.  Defendants' aforesaid acts violate Lavandeira's rights under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1), in that defendants' willful and intentional use of the Perez Hilton Marks on the Infringing Website, creates a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact likely to cause confusion or deceive the consuming public as to the origin, sponsorship, and/or approval of the Infringing Website.

34.  Lavandeira has no adequate remedy at law and, if defendants' conduct is not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT II

### Federal Dilution

### (15 U.S.C. §1125(c))

35.  Lavandeira repeats and re-alleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. The Perez Hilton marks are "famous" and "distinctive" marks within the meaning of §43(c) of the Lanham Act, 15 U.S.C. §1125(c)(1), and have been famous and distinctive marks prior to Defendants' conduct as alleged herein.

37. Defendants' Infringing Website dilutes the distinctive quality of the Perez Hilton Marks, and was done with the willful intent to trade on Lavandeira's reputation and goodwill and/or to cause dilution of said trademarks.

38. Defendants' use of the Perez Hilton Marks on or in connection with the Infringing Website was done with notice and full knowledge that such use was not authorized or licensed by Lavandeira.

39. Defendants' aforesaid acts are in knowing and willful violation of Lavandeira's rights under section 43(c) of the Lanham Act, 15 U.S.C. §1125 )(c).

40. Lavandeira has no adequate remedy at law and, if defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT III

### Violation of the Anti-Cybersquatting Consumer Protection Act

### (15 U.S.C. §1125(d))

41. Lavandeira repeats and re-alleges paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Defendants registered the domain name perezrevenge.com.

43. The Infringing Website's domain name, perezrevenge.com. is identical to or confusingly similar to the famous and/or distinctive Perez Hilton Marks.

44. Upon information and belief, defendants did so with the bad faith intent to profit from the registration of that domain name. In particular, defendants have registered perezrevenge.com. in a manner calculated to divert and deceive consumers seeking to view the Website, its content and/or content from Lavendeira.

45. Defendants' use of the Perez Hilton Marks on or in connection with the Infringing Website was done with notice and with full knowledge that such use was not authorized or licensed

7

by Lavandeira.

46. Defendants' aforesaid acts are in knowing and willful violation of Lavandeira's rights under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

47. Lavandeira has no adequate remedy at law and, if defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT IV
## CALIFORNIA DILUTION
### (California Business and Professions Code § 14330)

48. Lavandeira repeats and re-alleges paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. The Perez Hilton Marks are strong, distinctive and famous within the meaning of California Business and Professions Code § 14330.

50. Defendants' use of the Perez Hilton Marks has caused a likelihood of dilution and has whittled away at Lavandeira's ability to use the famous Perez Hilton Marks to identify only Lavandeira's goods and services, and has diluted the distinctive quality of Lavandeira's famous Perez Hilton Marks by blurring and by tarnishment in violation in violation of California Business and Professions Code § 14330.

51. Defendants' use of the Perez Hilton Marks on or in connection with the Infringing Website was done with notice and full knowledge that such use was not authorized or licensed by Lavandeira.

52. Defendants' aforesaid acts are in knowing and willful violation of Lavandeira's rights under California Business and Professions Code § 14330.

53. Lavandeira has no adequate remedy at law and, if defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

///

///

## COUNT V

## CALIFORNIA UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

### (California Business and Professions Code § 17200 et seq.)

54. Lavandeira repeats and re-alleges paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. As a result of defendants' unauthorized use of the Perez Hilton Marks, defendants have caused, and are likely to continue to cause, confusion or mistake, and to deceive the public, in violation of the common law of the State of California and California Business and Professions Code § 17200 et seq.

56. As a result of defendants' conduct, Lavandeira has suffered irreparable harm to the extent he has: (a) lost the right to control the commercial and trade use of the Perez Hilton Marks; (b) lost earnings from potential advertising sales and (c) suffered damage to his reputation and goodwill.

57. Defendants are likely to mislead the public as to the affiliation, connection, or association of defendants and the Infringing Website with Lavandeira and his Website, or as to the origin, sponsorship, or approval of defendants' Infringing Website and commercial activities by Lavandeira, causing the public to rely thereon, in violation of the common law of the State of California and California Business and Professions Code § 17200 et seq.

58. By reason of defendants' conduct, Lavandeira has suffered and will continue to suffer damage and injury to his business, reputation and goodwill, and defendants have been and will continue to be unjustly enriched.

WHEREFORE, Lavandeira prays for judgment in his favor against defendants, and each of them, as follows:

a. Issue a judgment temporarily, preliminarily, and permanently restraining, enjoining, and prohibiting defendants, their agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with defendants or on defendants' behalf, from:

COMPLAINT AND JURY DEMAND

(i) using the domain name perezrevenge.com to designate any internet website that contains entertainment and celebrity news and gossip;

(ii) using the term "Perez" to designate any platform, medium, and/or website that contains entertainment and celebrity new and gossip;

(iii) posting content, distributing, importing, exporting, advertising, promoting, selling offering for sale, and/or in anyway using any mark, term, name, symbol, artwork, or device in the United States that is identical or confusingly similar to the Perez Hilton Marks, for any platform, medium, and/or website that contains entertainment and celebrity new and gossip, and committing any act that is likely to cause confusion, mistake, or deception. *See* 15 U.S.C. § 1116.

(iv) representing that defendants' good or services, including but not limited internet websites, originate from, are licensed, endorsed or authorized by, or is otherwise associated with Lavandeira; and

(v) otherwise using the Perez Hilton Marks or any reproduction, counterfeit, copy or colorable imitation thereof, in any manner likely to cause confusion as to the source, origin, sponsorship or affiliation of defendants, defendants' goods or services, or any commercial internet website owned and maintained by defendants.

b. That this Court require defendant Infuse to assign its perezrevenge.com domain name and any other domain name that includes the term "Perez" to Lavandeira.

c. Award Lavandeira damages in an amount to be determined but equal to treble the greater of defendants' profits or Lavandeira's actual damages, or in the alternative statutory damages, plus pre-judgment and post-judgment interest, costs and attorneys' fees, pursuant to Lavandeira's claims for unfair competition, trademark dilution, and cybersquatting under the Lanham Act, 15 U.S.C. §1117;

d. Award Lavandeira damages pursuant to California's dilution law in an amount equal to the greater of Lavandeira's actual damages or defendants' profits resulting from the use of the Perez Hilton Marks; and

e. Award Lavandeira punitive or exemplary damages for defendants' knowing, willful and intentional violation of Lavandeira's rights under California's dilution and unfair competition law; and

f. Issue an order pursuant to section 36 of the Lanham Act, 15 U.S.C. §1118, requiring the

delivery and destruction of any goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements in defendants' possession bearing Lavandeira's federally registered trademarks, or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means for making same; and

    g.    Grant Lavandeira such other and further relief as this Court deems to be reasonable, necessary and just.

Dated: July 21, 2008

FREEDMAN & TAITELMAN, LLP

By: _____
Bryan J. Freedman, Esq.
Attorneys for Plaintiff Mario Lavandeira, dba Perez Hilton