FREEDMAN & TAITELMAN, LLP
Bryan J. Freedman, Esq. (SBN 151990)
Jesse Kaplan, Esq. (SBN 255059)
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Tel: (310) 201-0005
Fax: (310) 201-0045

Attorneys for Plaintiff Mario Lavandeira, dba Perez Hilton

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LAVANDEIRA, dba PEREZ HILTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INFUSE, LLC, a New Jersey Limited Liability Company d/b/a www.perezrevenge.com; MARGIE E. ROGERS; ELIZABETH SILVER-FAGAN aka ELIZABETH SILVER; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV 08-04764 GAF (AJWx)<br><br>PLAINTIFF MARIO LAVANDEIRA'S OPPOSITION TO DEFENDANT MARGIE E. ROGERS AND ELIZABETH SILVER'S MOTION TO DISMISS<br><br>[Declaration of Bryan J. Freeman filed concurrently herewith] |

Plaintiff Mario Lavandeira, dba Perez Hilton ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of his opposition to defendant Margie E. Rogers ("Rogers") and Elizabeth Silver-Fagans' ("Silver-Fagan") (referred to collectively as "Defendants") Joint Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion").

///
///

## I. Introduction

Despite receiving prior admonitions from the Court regarding the need to comply with the Court's Rules and prior Orders, Defendants continue to ignore those rules and comply with even the most basic of requirements, such as service. As an initial matter, Defendants' Motion is untimely, and was filed after the Court already entered defaults against Defendants. Moreover, Defendants have engaged in dilatory tactics and have failed to serve the Motion on Plaintiff's counsel and provide adequate notice of the Motion's hearing date as required by Local Rule 6-1. In fact, to date, Defendants have failed to serve Plaintiff's counsel with their Motion. Defendants have failed to make any effort to meet and confer pursuant to Local Rule 7-3, despite the Court's numerous admonitions regarding that Local Rule. Finally, the Motion does not comply with Local Rule 7-5 as Defendants' filing failed to include a memorandum of law or any supporting evidence.

In the alternative, Plaintiff respectfully requests that the Court provide Plaintiff with additional time to file a substantive opposition, after defendants have adequately served complete moving papers on Plaintiff's counsel and after Plaintiff has had the opportunity to take any necessary jurisdictional discovery.

## II. Defendants' Motion is Untimely and was Made After the Court Already Entered Defaults

Defendants Motion is late and was filed after the Court entered defaults against Defendants. Defendants were required to move to dismiss prior to October 27, 2008, the date their responsive pleadings were due. *See* F.R.Civ.P. 12(b). Upon entry of default, the factual allegations in Plaintiff's complaint, except those relating to damages, are deemed admitted. *E.g., Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Defendants have failed to respond to the complaint by October 27, 2008. On September 26, 2008, the Honorable George P. Schiavelli held a Status Conference

PLAINTIFF MARIO LAVANDEIRA'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS

1 regarding the Defendants' representation (*See* Declaration of Bryan J. Freedman
2 ("Freedman Decl."), ¶¶ 8-9, Ex. 3). On September 26, 2008, the Court ordered
3 Defendants to file a responsive pleading by 5:00 p.m. on October 27, 2008 (*See*
4 Freedman Decl., ¶¶ 8-9, Ex. 3). Defendants' failed to do so (*See* Freedman Decl., ¶ 8-
5 10). On October 31, 2008, Plaintiff filed requests to enter default against the
6 Defendants (*See* Freedman Decl., ¶ 11). On November 3, 2008, the Court entered
7 defaults against the Defendants (*See* Freedman Decl., ¶ 12). Following the Court's
8 entry of default, Defendants manually filed this Motion.

As Defendants' Motion was filed untimely, and defaults have been entered against the Defendants, Plaintiff respectfully requests that the Court deny the Motion.

### III. Defendants Have Failed to Serve or Provide Adequate Notice of the Motion

Defendants have failed to provide adequate notice of their Motion as required by Local Rule 6-1. In fact, Defendants have failed to serve Plaintiff's counsel with the Motion. Defendants were required to serve the motion by either mail or personal service. *See* L.R. 6-1. Moreover, as the Motion was excluded from electronic filing under General Order 08-02 (General Order 08-02, Section V. (B) states that "Documents filed by pro se litigants will continue to be filed and served in the traditional manner"), Defendants were required to serve it using "traditional means of service." L.R. 5-3.3. Defendants were required to serve the Motion twenty-four (24) days before the Motion Day designated on the notice if served by mail, or twenty-one (21) days before the Motion Day designated on the notice if personally served. *See* L.R. 6-1.

Here, Defendants noticed the Motion for **November 24, 2008**. Accordingly, Defendants were required to serve the Motion by mail no later than November 1, 2008, or by personal service no later than November 3, 2008. *See* L.R. 6-1. Defendants apparently manually filed a hard copy of the Motion with the Court on November 3, 2008 (*See* Freedman Decl., ¶ 13). Defendants, however, have never

1  served the Motion on Plaintiff's counsel by any means (*See* Freedman Decl., ¶ 15). In
2  fact, Plaintiff's counsel did not receive notice of the Motion and its hearing date until
3  November 6, 2008, when counsel received electronic notification of the Motion
4  through the Court's CM/ECF system (*See* Freedman Decl., ¶ 16).

Even if the Court's November 6, 2008 electronic notification constitutes personal service, service would be inadequate based on the November 24, 2008 Motion date. This notice was only be eighteen (18) days prior to the Motion Day and would only gives Plaintiff four (4) days to oppose the Motion. *See* L.R. 7-9.

Based on Defendants' failure to serve the Motion on Plaintiff's counsel, Plaintiff respectfully requests that the Court deny the Motion.

## IV. **Defendants Have Failed to Meet and Confer as Required By Local Rule 7-3**

Local Rule 7-3 requires a party contemplating the filing of any motion to first meet and confer, and "discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." L.R. 7-3. Defendants were required to confer with Plaintiff's counsel at least five (5) days before moving to dismiss under F.R.Civ.P. 12(b). *See* L.R. 7-3. Defendants were also required to include in their notice of motion a statement indicating that the motion was made following a conference pursuant to Local Rule 7-3. *See* L.R. 7-3.

Defendants have failed to make any efforts to contact Plaintiff's counsel to discuss their motion to dismiss pursuant to F.R.Civ.P. 12(b)(2) (*See* Freedman Decl., ¶ 17). While, Defendants are *pro se*, the Court has admonished Defendants on several occasions for violating this rule. More specifically, both the Court's August 20, 2008, and August 27, 2008, Orders indicate that Defendants' motions for an extension of time to respond to the complaint violated Local Rule 7-3, amongst others. (*See* Freedman Decl., ¶¶ 5, 7, Ex. 1 and 2). Accordingly, Defendants were certainly on notice of their obligation to comply with Local Rule 7-3 prior to filing a motion.

Based on Defendants' failure to meet and confer as required by Local Rule 7-3, Plaintiff requests that the Court deny Defendants' Motion. *See Superbalife, Int'l v. Powerpay*, CV 08-5099, 2008 U.S. Dist. LEXIS 89204 (C.D.C.A. October 7, 2008) (denying motion to dismiss pursuant to F.R.Civ.P. 12(b)(3) based entirely on moving parties failure to adequately meet and confer pursuant to L.R. 7-3).

## V. Defendants' Moving Papers Are Incomplete

Defendants were required to include a memorandum and evidence supporting their Motion. *See* L.R. 7-5. The Motion that Defendants filed on November 3, 2008, merely contained a Notice of Motion. Based on Defendants' failure to provide a memorandum of law or any supporting evidence as required by Local Rule 7-5, Plaintiff requests that the Court reject Defendants' Motion.

## VI. Conclusion

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants motion. In the alternative, Plaintiff respectfully requests that the Court provide Plaintiff with additional time to file a substantive opposition after defendants have adequately served complete moving papers on Plaintiff's counsel and after Plaintiff has had the opportunity to take any necessary jurisdictional discovery.

Dated: November 10, 2008

FREEDMAN & TAITELMAN, LLP

By: _____
Bryan J. Freedman, Esq.
Attorneys for Plaintiff Mario Lavandeira, dba Perez Hilton