LINKS: 29, 31, 33, 34

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4764-GAF (AJWx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | Mario Lavandeira v. Infuse LLC et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

## ORDER SETTING ASIDE DEFAULT

### I. INTRODUCTION AND BACKGROUND

Plaintiff Mario Lavandeira, d/b/a Perez Hilton, filed suit against Defendants Infuse LLC, Elizabeth Silver-Fagan a/k/a Elizabeth Silver, Margie Rogers, and Does 1-10 on July 21, 2008. After pro se defendant Silver-Fagan indicated she did not intend to obtain counsel for defendant Infuse LLC, the Court entered default against Infuse LLC for failure to file a responsive pleading. Defendants Silver-Fagan and Rogers (jointly, "Defendants") were given extensions of time in which to file their responsive pleadings, which ultimately became due on October 27, 2008.

On October 27, 2008, Defendants attempted to file a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). The Court rejected their submission because of errors in formatting and the omission of a memorandum of law. On October 31, 2008, Plaintiff filed requests for an entry of default against Defendants, which the Court Clerk granted on November 3, 2008. That same day, the notice of Defendants' motion to dismiss was filed. A week later, on November 10, 2008, the Court received the Defendants' memorandum of law in support of its motion. Defendants' memorandum also requested relief from the entry of default.

Also on November 10, 2008, Plaintiff filed his opposition to the motion to dismiss, reciting several procedural errors Defendants made when submitting their motion. The errors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4764-GAF (AJWx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | Mario Lavandeira v. Infuse LLC et al. | | |

include submitting an untimely pleading, failing to provide adequate notice of their pleading, failing to serve Plaintiff with the motion, and failing to meet and confer. Plaintiff reiterated his position in a separate statement of objections filed on November 17, 2008. (Docket No. 34.) The Court recognizes that Defendants are pro se litigants residing on the East Coast and are making a good faith effort to defend themselves in the Central District of California. Since Plaintiff has suffered no real prejudice, the Court is willing to ignore Defendants' violations of the local rules and allow the litigation to proceed on the merits.

Before the Court is Defendants' motion to dismiss for lack of personal jurisdiction and their request that the Court set aside the entry of default against them. In the event that the Court sets aside the entry of default, Plaintiff requests the Court provide him additional time to conduct jurisdictional discovery and to file a supplemental substantive opposition brief to Defendants' motion to dismiss. For the following reasons, the Court **GRANTS** Defendants' motion to set aside the entry of default, **POSTPONES** the hearing on Defendants' motion to dismiss, and **GRANTS** Plaintiff additional time in which to file a supplemental opposition brief.

## II. DISCUSSION

### A. THE COURT SETS ASIDE THE ENTRY OF DEFAULT.

The Court may set aside the entry of default for "good cause shown." Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). Good cause is shown when the default was not caused by defendant's culpable conduct, defendant has a meritorious defense, and reopening the default judgment will not prejudice the plaintiff. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). "The party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." Id.

The Court finds Defendants made a good faith effort to file their responsive pleading by the deadline. Their ignorance of the specific procedural rules of this Court resulted in delay not unreasonable in length. Moreover, Defendants have a potentially meritorious defense of lack of personal jurisdiction if their only contact with the Central District of California is the operation of a content only, i.e. non-interactive, non-transactional, website. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (9th Cir. 1997) (approving a sliding scale analysis that looks to how interactive an Internet website is for purposes of determining its jurisdictional effect). In

LINKS: 29, 31, 33, 34

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4764-GAF (AJWx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | Mario Lavandeira v. Infuse LLC et al. | | |

addition, since the Court will grant Plaintiff additional time in which to respond to Defendants' motion to dismiss, vacating the default will not prejudice Plaintiff. The Court therefore **GRANTS** Defendants' request to set aside the entry of default.

### B.  THE COURT GRANTS PLAINTIFF'S REQUEST FOR SUPPLEMENTAL BRIEFING.

Plaintiff has the burden of proving personal jurisdiction exists over Defendants, but did not address that issue in his opposition brief. Plaintiff filed his opposition brief before Defendants submitted their memorandum of law in support of their motion to dismiss. Now that Defendants have outlined their argument in support of dismissal, the Court finds it appropriate to **GRANT** Plaintiff two weeks of additional time in which to conduct jurisdictional discovery and file a supplemental opposition brief addressing Defendants' arguments.

### III.  CONCLUSION

For the foregoing reasons, the Court **SETS ASIDE** the entry of default against Defendants and **POSTPONES** the hearing originally set for November 24, 2008 until December 15, 2008. Plaintiff is **ORDERED** to submit a supplemental opposition brief on or before December 1, 2008. Defendants will have until December 8, 2008 to respond to Plaintiff's supplemental brief.

IT IS SO ORDERED.

:

Initials of Preparer