**Elizabeth Silver & Infuse LLC**
545 8th Ave., Suite 401, NY, NY  10018 & Tel # (646) 719-0003
---------------
**Margaret Rogers**
73 Beechwood Road, Summit, NJ  07901 & Tel # (917) 288-5100
**Defendants Pro Se**



FILED
CLERK, U.S. DISTRICT COURT

NOV 1 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

------------------------------------------------------------- X

Mario Lavandeira, an individual doing business
    as Perez Hilton,

                          **Plaintiff**

    v.

Infuse LLC, a New Jersey Limited Liability Company
    doing business as www.perezrevenge.com
Elizabeth Silver-Fagan also known as Elizabeth Silver,
Margie Rogers and Does 1 through 10,

                     **Defendants.**

    Civil Action #
: CV08-04764(GAF) (AJWx)

------------------------------------------------------------- X

## DEFENDANTS' (i) RE-FILED JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, WITH DECLARATIONS OF ELIZABETH SILVER AND MARGARET ROGERS, (ii) MOTION TO VACATE CLERK's DEFAULT PURSUANT TO FRCP 60 (b) (1), (4) & (6), (iii) PLAINTIFFS' SUPPORTING DECLARATIONS and (iv) PLAINTIFFS SUPPORTING MEMORANDUM OF LAW

**PLEASE TAKE NOTICE** that the above referenced Defendants Pro Se will move this

Honorable Court, on Monday November 24, 2008 at 9:30 am, as soon as counsel can be heard, at

the United States District Court for the Central District of California, located at 255 East Temple

Street, Los Angeles, CA 90012, Courtroom 740, before the Honorable Gary A. Feess USDJ, for,

among other things,

1. An Order Pursuant to FRCP 12 (b) (2) Dismissing the Complaint in its entirety for lack of

    in personam jurisdiction over the non-resident Defendants;

2.  An Order vacating the prior Defaults, pursuant to FRCP 60 (b) (1) (excusable neglect), 60

    (b) (4) (judgment is void) and FRCP 60 (b) (6) (equitable reasons); and

3.  For such other and further relief as the Court deems just and equitable.

Dated:  November 10, 2008
        New York, NY                                    _____

                                                        Elizabeth Silver

Dated:  November 10, 2008
        New York, NY                                    _____

                                                        Margaret Rogers

## **TABLE OF CONTENTS**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.    THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

      a.   Plaintiff Mario Lavandeira . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

      b.   Defendant Infuse LLC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

      c.   Defendant Silver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

      d.   Defendant Rogers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

III.   RELEVANT LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

      a.   A Plaintiff Must Prove that A Defendant Has Sufficient
          Contacts to Impose Either General or Limited Jurisdiction . . . . . . . .   3

      b.   A Plaintiff Must Establish Jurisdiction Over Each
          Defendant Separately . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

IV.    THE COURT DOES NOT HAVE JURISDICTION OVER
     DEFENDANTS INFUSE LLC, SILVER OR ROGERS . . . . . . . . . . . . . . . . . . . .   5

      a.   Defendants Do Not Have Sufficient Contacts with
          California to Impose General Jurisdiction . . . . . . . . . . . . . . . . . . . . .   5

      b.   Defendants Do Not Have Sufficient Contacts with California
          to Warrant The Exercise of "Limited" or "Specific" Jurisdiction . . .   6

          i.   Defendants have not purposefully availed themselves
              of the privilege of conducting activities within the forum . . .   7

          ii.   The purpose causes of action do not arise from any
              acts by Defendants within the forum . . . . . . . . . . . . . . . . .   7

          iii.   Even if Defendants had contacts with California –
              which they do not -- the exercise of jurisdiction over
              them would offend traditional notions of fair play
              and substantial justice and be unreasonable . . . . . . . . . . . .   8

V.     PRIOR DEFAULTS SHOULD BE VACATED . . . . . . . . . . . . . . . . . . . . . . . .   9

VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case is predicated upon alleged acts of "Cybersquatting".  In that regard, the case raises issues similar to those addressed by the Court in Spacey v Burgar CV-01-3848-GAF.   The sole basis for alleged jurisdiction is the operation of the website www. perezrevenge com. Defendants have no contacts with the State of California   There is no nexus to California between the Plaintiffs causes of action and Defendants operation of the website from the State of New Jersey or New York.  Plaintiff is instead using this action as a means to harass Plaintiff, to interfere with Plaintiffs business, to attempt to force Plaintiff to transfer to it all rights to the website www. perezrevenge.com which is becoming known and respected as a credible and reliable "celebrity news services".  Plaintiff's complaint is frivolous on its face and the allegations of Defendants being subject to jurisdiction in the State of California were knowingly false and were made for the purpose of attempting to exercise jurisdiction over Defendants.

Plaintiff's complaint should be dismissed in its entirety and Defendants should be granted the opportunity to move for the imposition of fees and costs associated with what they submit is / was a frivolous complaint.

Also as noted in Defendant's declarations, the default judgments entered should be vacated.  This litigation has been used to take unfair procedural advantage over the Pro Se Defendants in a Court that it knows or has reason to know has never had jurisdiction over Defendants.   Plaintiff latest actions were his rushing to enter defaults at a time when he knew or had reason to know that Defendants were not subject to the jurisdiction of the Court, were in receipt of the Defendants opposition papers and had knowledge that Defendants were filing and/or re-filing the papers with the Court.  Plaintiffs defaults should be stricken.

## II.     THE PARTIES

### a.  Plaintiff Lavandeira

Plaintiff Lavandeira conducts his business under the fictitious name of Perez Hilton.

Plaintiff Lavandeira is the operator of a website business known as www.perezhilton.com.

Plaintiff Lavandeira is best known for and has built his reputation (and indeed a fortune) upon

"yellow journalism" in which he publishes scandalous, unsupported and often salacious

allegations against celebrities.   Plaintiff operates his business in California and New York.

### b.  Defendant Infuse LLC

Defendant Infuse is a New Jersey limited liability company that conducts business in NY

and NJ.  Defendant Silver owns defendant Infuse.  As a result of Plaintiffs wrongful acts,

Defendant Silver has had to dissolve Defendant Infuse to protect her and it from Defendants

wrongful acts – including the filing of this frivolous lawsuit in California, based on alleged

Cybersquatting and refusal to voluntarily dismiss Defendant Infuse from the suit and then taking

of a Default Judgment against Defendant Infuse when Defendant Silver could not afford counsel

to represent it in this lawsuit.

### c.  Defendant Silver

Defendant Silver is the owner / operator of the website www.perezrevenge.com .

Defendant Silver resides in New Jersey, conducts business in New York and New Jersey and is a

single mother of two teenagers.  Defendant Silver does not and never has conducted business in

California.  Defendant Silver has no connection to and has not targeted her website

www.perezrevenge.com to persons in California.  Defendant Silver has been targeted by Plaintiff

to interfere with her ability to conduct business, to stop her from competing with his website

www.perezhilton.com and to prevent her from building and continuing to provide a credible and

reliable celebrity news service to the public.

### d.  Defendant Rogers

Defendant Rogers is a New Jersey resident who works with Defendant Silver in New York and New Jersey.  Defendant Rogers does not and never has conducted business in and has no connection to California.

## III.   RELEVANT LAW

Dismissal under FRCP 12 (b) (2) is proper where a Court lacks *in personam* jurisdiction over a non-resident Defendant.  Once personal jurisdiction has been challenged, the plaintiff bears the burden of making a *prima facie* case showing that personal jurisdiction can properly be asserted over the objecting defendant.  On a motion to dismiss for lack of personal jurisdiction, plaintiffs may not rest on their pleadings but instead "are obligated to come forward with facts, by affidavit or otherwise, supporting jurisdiction."  See Scott v Breeland, 792 F. 2d 925, 027 (9th Cir. 1986).

### a.  A Plaintiff Must Prove That a Defendant Has Sufficient Contacts to Impose Either General or Limited Jurisdiction

California's "long arm" jurisdiction statute provides that a "court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States".  See Section 410.10 of the California Code of Civil Procedure.   A Federal District Court does not have jurisdiction over a defendant unless the defendant has the requisite contacts with the forum state where the district court sits.  See Rocke v Canadian Automobile Sports Club, 660 F. 2d 295, 400 (9th Cir. 1981) (district court properly dismissed defendant with insufficient contacts with California).

The United States Supreme Court has held that a court may only exercise personal jurisdiction over a defendant who has certain "minimum contacts" with the forum state, such that "the maintenance of the suit does not offend traditional notions of faire play and substantial

justice" Asahi Metal Industry Co. v Superior Court 480 U.S. 102, 109 (1987); International Shoe Co. v Washington 326 US 310, 316 (1945). Furthermore, a defendant may not be "hauled into a jurisdiction solely as a result of . . . the 'unilateral activity of another party or a third person'". Burger King Corp. v Rudzewicz 471 US 462, 475 (1985).

Consistent with these principles. California has recognized two types of personal jurisdiction. If the non-resident defendants' contacts with the forum state are either "extensive or wide – ranging" or "continuous and systematic", the California is said to have "general jurisdiction" over a defendant; that is jurisdiction over any cause of action regardless of whether it relates to that defendants contacts with the forum. See Cornelison v Chaney 16 Cal. 3d 143, 147-48 (1976); Buckeye Boiler Co. v Superior Court 71 Cal. 2d 893, 898-99 (1969).

If general jurisdiction is lacking, then California may still possibly exert "limited jurisdiction" over the nonresident defendant where that defendant purposefully availed himself of the privilege of conducting activities within California and the "controversy is related to or arises out of a defendant's contact with the forum". Vons Companies Inc. v Seabest Foods Inc. 14 Cal. 4th 434, 445 (1996) (quoting Helicopteros Nacionales de Columbia v Hall 466 U.S. 408, 414 (1984).

### b. A Plaintiff Must Establish Jurisdiction Over Each Defendant Separately.

The acts of other parties involved in an action may not be imputed to a nonresident defendant for purposes of jurisdiction; each defendant must be analyzed on the basis of its own contacts with the forum state. See Calder v Jones 465 U.S. 783, 790 (1984)(each defendants contacts with the forum state must be assessed individually; Edmunds v Ronson 24 Cal. App 4th 212, 221 (1994).

Specifically, the contacts of a subsidiary cannot be imputed to a parent. [1]   If the separation between a parent and a subsidiary is real, even if merely formal, the use of a the subsidiary to conduct business in California does not automatically subject the parte to suit in the state.  See Ryder Truck Rental Inc. v Acton Foodservices Corp. 554 F. Supp. 270, 277 (C.D. Cal. 1983). See also Sammons Enterprises Inc. v  Superior Court 205 Cal. App 3d 1427

## IV.   THE COURT DOES NOT HAVE JURISDICTION OVER DEFENDANTS

### a.  Defendants Do Not Have Sufficient Contacts with California to Impose General Jurisdiction

A nonresident defendant is subject to general jurisdiction only when its activities in the forum can be considered substantial or continuous and systematic.  Shute v Carnival Cruise Lines 897 F. 2d 377, 380 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991). "The level of contact with the forum stand necessary to establish general jurisdiction is quite high" Id.; see also Helicopteros Nacionales de Columbia v Hall 466 U.S. 408, 414 (1984) (no jurisdiction over foreign cooperation that sent officers to forum for a negotiating session, accepted checks drawn from forum bank, purchased equipment from forum and sent personnel to forum to be trained).

Specifically, where a foreign defendants has not engaged in any manner of "substantial" or continuous activity in this country it is not subject to general jurisdiction in the United States. Omeluk v Langsten Slip & Batbyggeri A/S, 52 F. 3d 267, 270 (9th Cir. 1993) (courts are

---

[1] Plaintiff alleges in his complaint that Defendants Silver and Rogers are alter egos for Defendant Infuse, that Defendant Rogers resides in California and Defendant Infuse "conducts business in California". Plaintiff further alleges that the postings that Defendant Rogers makes onto the subject website "from California". All of Plaintiffs allegations are knowingly false and were made for the sole purpose of rushing to file a complaint to obtain a procedural advantage over Plaintiffs, but which complaint was deficient of sufficient facts or allegations.  Even giving Plaintiffs allegations credibility – which they do not deserve – the allegations are insufficient to impute and impose jurisdiction from one jurisdiction to another – as a result of an "alter ego" or "wholly owned subsidiary" theory.  See Andrews v Metro North Commuter R.R. Co. 882 F. 2d 705, 707 (2nd Cir. 1989).

"regularly" reluctant to assert general jurisdiction over foreign corporations even where contacts were quire extensive).

As set forth in the attached declaration of Silver detailed above, Infuse does not transact any business in California.  Nor do Defendants maintain any offices, real estate, bank accounts, phone listings or have any other contacts with California.  Accordingly, Defendants have not contacts at all much less continuous and systematic contacts to impose general jurisdiction.

### b.  Defendants Do Not Have Sufficient Contacts with California to Warrant the Exercise of "Limited" or "Specific" Jurisdiction.

In analyzing whether specific jurisdiction exists over a foreign defendant the Ninth Circuit applies the following three-pronged test – (1) a nonresident defendant must purposely avail itself of the privilege of conducting activities in the forum, thus invoking the benefits and protections of its laws, (2) the plaintiffs claim must arise out of defendant's forum-related activities and (3) the exercise of personal jurisdiction must be reasonable and not offend traditional notions of fair play and substantial justice. Doe v American Nat. Red Cross 112 F.3d 1038, 1051 (9th Cir. 1997); Omeluk supra 52 F. 3d at 270.

Defendants do not and have not transacted any business in the State of California. Accordingly, Plaintiff cannot meet the three part test for limited jurisdiction.

### i.  Defendants have not purposefully availed themselves of the privilege of conducting activities within the forum

A defendant  who is not literally "present" in the forum state may not be required to defend itself in that state's tribunals unless the "quality and nature of the defendant's activity in relation to the particular cause of actions makes it fair to do so .  Such a defendant's activity must consist of "an act done or transactions consummated in the forum stat" or "some (other) act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum

state, thus invoking the benefits of its laws.   See Buckeye Boiler Co. v Superior Court 71 Cal. 2d 893, 898-99 (1969).

Further, the mere fact that Plaintiff has alleged an intentional act, with the purported victim residing in California is insufficient to establish jurisdiction.  Beckman v Thompson 4 Call. App. 4th 481 (1992) (causing effect in California is not sufficient to impose jurisdiction on a non-resident).

The irrefutable evidence is that Defendants have not and cannot be found to have purposefully availed themselves of the privilege of conducting business in California.

### ii.   The purported causes of action do not arise from any acts by Defendants within the forum

Even if Defendants had sufficient contacts with California, which they do not, none of the causes of action alleged in the Complaint, arose out of any acts alleged to have occurred in California.  On the contrary, Defendants are not in California, have not been in California and have performed no acts in California upon which Plaintiffs cause of action is/are based. Therefore, the second prong and requirement for the exercise of jurisdiction is not met.   See Buckeye Boiler Co. v Superior Court , 71 Cal. 2d at 898-99.

### iii.   Even if Defendants had contacts with California, the exercise of jurisdiction over them would offend tradition notions of fair play and substantial justice and be unreasonable.

Even if there was a connection between plaintiff's causes of action and defendant conduct of the website www.perezhevenge.com from New York and/or New Jersey, jurisdiction is proper only if it would not be unreasonable.   See Cornelison v Chaney 16 Cal. 3d 143, 148 (1976).   Whether jurisdiction is reasonable turns on the "balancing of the conveniences of the parties and the interests of the state in assuming jurisdiction.  See Cornelison v Chaney supra.

As demonstrated above and in the accompanying Declarations, Defendants Silver, Infuse and Rogers have no connections with California. Defendant Silver is a single mother with limited resources operating and building her business including the operation of her website www.perezrevenge.com in New York and New Jersey. Defendant Rogers is a resident of New Jersey with limited resources who is involved with the building of the business and the website www.perezrevenge.com. They have never had and do not presently have any connections with or to the State of California.

Defendants could not have foreseen that their conduct would result in their being hauled into Court in California. And, foreseeability alone is not a sufficient basis for personal jurisdiction under the due process clause. World-wide Volkswagen Corp. v Woodson 444 US 286, 295 (1980).

And, the fact that Plaintiff is domiciled in California does not in and of itself constitute a sufficient ground to establish personal jurisdiction over a foreign defendant. See Hill v Noble Drilling Corp 61 Cal. App. 3d 258 (1976) (fact that party alleging injury resided in forum state did not constitute sufficient ground to establish personal jurisdiction).

## V.     THE EX-PARTE DEFAULTS SHOULD BE VACATED

As noted in Employee Painters Trust v Ethan, 480 F.3d 993 (9th Cir. 2007):

> . . . When a default judgment is challenged on grounds of excusable neglect, three factors inform the district court's exercise of discretion: (1) "whether the defendant's culpable conduct led to the default"; (2) "whether the defendant has a meritorious defense"; and (3) "whether re-opening the default judgment would prejudice the plaintiff." TCI Group Life Ins. Plan, 244 F.3d at 696; see also Folk v. Allen, 739 F.2d 461, 463 (9th Cir.1984) (per curiam) . . .
> . . . In this circuit, "a defendant's conduct [is] culpable . . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan, 244 F.3d at 698 . . . .
> . . . (and) a prerequisite to vacating an entry of default," a party in default "is required to make some showing of a meritorious defense". See Haw. Carpenters' Trust Funds, 794 F.2d at 513. . . .

In the accompanying Defendants have demonstrated excusable neglect, they have explained their efforts as pro se litigants to comply with California procedure, they have explained how the Court has no jurisdiction and they have explained that they have a meritorious defense to the litigation.

And as explained in the accompanying Silver Decl., Defendants mean no disrespect to this Honorable Court, when they say that the Court has no jurisdiction over Defendants, and Plaintiff knew that before he filed this action.

The lawsuit itself is for alleged Cybersquatting and there is no good faith basis to believe that any person could confuse www.perezhilton.com with www.perezrevenge.com.  There are not facts to support the conduct of which Plaintiff accuses Defendants and in fact prior to commencement of this action, Defendant Silver requested that Plaintiff advise her what facts, he had, if any to make the allegations, that (i) Defendant had violated the Cybersquatting laws, (ii) Defendants had done anything unlawful and (iii) Defendants were subject to jurisdiction in California.  Plaintiff refused to respond and simply filed suit.  *See Defendant Silver Decl.*

As for Defendants' efforts to file in a timely fashion, the Court knows that Defendants are not lawyers and cannot afford lawyers in California.  They prepared and submitted a Motion, with supporting Declarations and Memorandum of Law, which was transmitted to and received by the Court in a timely fashion on October 27, 2008.  However, since Defendants were unfamiliar the California procedures, and despite their best efforts, the Motion was unfortunately not properly formatted – Defendant did not include the full names of the parties on the caption to the Motion.  On October 28, 2008, Defendant Silver called the Court to insure that it received the papers and was informed of the formatting problem.  Defendant Silver immediately corrected the problem and resubmitted the Motion, with the properly filled in names of all parties, and again with supporting Declarations and Memorandum of Law.   A copy of the corrected cover

page was faxed to the Court and the full set of papers was sent by Certified Mail on October 31, 2008 and received by the Court on November 3, 2008.   And a courtesy copy of every pleading that Defendants filed were faxed to and received by Plaintiff's counsel.   Despite the fact that he was on notice of the pleadings being filed, on notice of the defects that had to be corrected and on notice of the re-filed pleadings, Plaintiff – without notice to Defendants – moved for Entry of a Clerk's Default based on Defendants alleged failure to file their papers in a timely fashion. Defendants – as pro se litigants - have gone to great expense to obtain messengers, transmit and deliver the papers to Court and to immediately correct the procedural defects that resulted from Defendants not including the full names of the parties.   Defendants apologize to the Court for their errors.   However, the actions by the Plaintiff are little more than an attempt to gain an unfair procedural advantage in a case over which this Honorable Court never had jurisdiction in the first place.   As a result of Plaintiffs improperly filed complaint, Defendants have incurred substantial fees, aggravation, lost opportunities and their business has been interfered with and that is and has been the motive of Plaintiff from the beginning.   Defendants respectfully pray that the Court vacate the defaults for excusable errors, because the Court does not have jurisdiction and for other good and equitable reasons. *See Defendant Silver Decl. ¶¶ 29 - 32.*

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss the case in its entirety and the Defaults should be vacated.

Dated: November 10, 2008
     New York, NY

                             Elizabeth Silver

Dated: November 10, 2008
     New York, NY

                             Margaret Rogers

## SUPPLEMENTAL DECLARATION OF ELIZABETH SILVER

## IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION

## AND MOTION TO VACATE DEFAULTS

=================================================================

Elizabeth Silver, hereby declares and says:

### Introduction

1.  I am a pro se litigant in this action, in which my company Infuse LLC, my consultant
    Margie Rogers and I have been sued for alleged "Cybersquatting" as a result of my
    website www.perezrevenge.com. I am not a lawyer and I therefore apologize to the
    Court in advance if there are any possible procedural issues in California with which I am
    not presently familiar. Hopefully, this Motion will and should resolve the case and there
    will be no further need for submission.

2.  I am presently and have been litigating against Plaintiff Mario Lavandeira in New York
    in the matter entitled Silver v Lavandeira 08-cv-6522 (JSR)(DCF) [1] and as of today's
    date, there are three Motions that a fully submitted awaiting adjudicating by Your
    Honor's Fellow Federal Judges. One of those applications addresses the issue of whether
    or not the NY Case should be transferred to California and as for the reasons explained

---

[1] The Amended Complaint in the NY Case – filed on Oct. 24, 2008 includes causes of action for
among other (i) "hot-news" misappropriation under New York State common law; (ii)
copyright infringement in violation of 17 U.S.C. §§ 101 and 501 et seq.; (iii) improper
removal or alteration of copyright management information in violation of 17 U.S.C. §§ 1202 et
seq.; (iv) restraint of trade or commerce in violation of 15 U.S.C. § 1; (v) treble damages and
costs of suit for injury to business or property by reason of restraint of trade pursuant to 15
U.S.C. § 26; (vi) injunctive relief for irreparable loss or damages pursuant to 15 U.S.C. §§ 25
and 26; (vii) violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (viii) unfair
competition under New York State common law; (ix) tortious interference and (x) breach of
implied contract. *A copy of the Amended Complaint in New York Action is being filed under
separate cover.*

below – and as I have explained to the NY Court – there is no jurisdiction over me in California.

3. I am submitting this Declaration in support of the present Motion to Dismiss this Case in its entirety pursuant to FRCP 12 (b) (2) for lack of personal jurisdiction.

**Court's Prior Findings on Similar Issues in Spacey v Burgar CV-01-3848-GAF**

4. I should like to first point out that I believe this case is similar if not identical to the issues that the Court has already addressed in the matter entitled Spacey et al v. Jeffrey Burgar, CV-01-3848-GAF (decided Nov. 14, 2001 – Doc. # 33, and affirmed on motion for reconsideration decided May 16, 2002 – Doc. # 54). [2]

**Facts Relevant to Motion to Dismiss for Lack of Jurisdiction**

5. Plaintiff Mario Lavandeira ("Lavandeira") is a public figure who operates the website www.perezhilton.com . For public relations purposes, Lavandeira has assumed the name Perez Hilton, although that name is fictitious. Lavandeira lives in California, maintains apartments in California and NY, and does business throughout the United States primarily in California and NY.

6. Defendant Infuse LLC ("Infuse") is a New Jersey limited liability corporation that maintains offices in New York City. [2]

7. Defendant Elizabeth Silver ("Silver") is the sole owner of Defendant Infuse.

---

[2] Copies of the Court's decisions in Spacey et al v. Burger et al CV-01-3848-GAF are incorporated by reference as they are accessible in the Court's electronic filing system and hard copies can be provided should the Court wish me to provide them. The Court should note that I intend to apply for the fees and costs I have incurred as a result of this litigation and therefore the Court's decision in Spacey supra on the issue of attorneys fees (Oct. 16, 2002 Order - Doc. # 77).

[2] Plaintiff entered a Default Against Defendant Infuse LLC because I could not afford an attorney to represent my company in California to fight what I consider to be a frivolous lawsuit. Since Plaintiff has alleged that I – Elizabeth Silver - am the alter-ego of Defendant Infuse, I make and include in this Motion the prayer for relief that the Court vacate the Default against Defendant Infuse for lack of jurisdiction, for the reasons set forth in this Declaration.

8.  Defendants Silver resides in New Jersey but maintains offices in New York City.

9.  Defendants Infuse and Silver created and operate the website www.perezrevenge.com .

10. Defendants Infuse's and Silver's website www.perezrevenge.com was registered through GoDaddy, a non-California corporation.

11. Defendants Infuse's and Silver's obtained a registration for the name "PerezRevenge.Com" from the US Patent and Trademark Office.

12. Defendant Infuse's, Silver's and the website www.perezrevenge.com business is maintained on servers in NY, not in California.

13. Defendants Infuse, Silver, and the website www.perezrevenge.com do not have and never has had advertisers in or from California.

14. Defendants Infuse, Silver, and the website www.perezrevenge.com do not have and never have had no offices in California.

15. Defendants Infuse, Silver, and the website www.perezrevenge.com do not have and never have had property in California.

16. Defendants Infuse, Silver, and the website www.perezrevenge.com do not have and never have had employees in California.

17. Defendants Infuse, Silver, and the website www.perezrevenge.com do not have and never have had bank accounts in California.

18. Defendants Infuse, Silver, and the website www.perezrevenge.com do not solicit and never have solicited advertisers in or from California.

19. Defendants Infuse, Silver, and the website www.perezrevenge.com do not direct and never have directed or marketing themselves or their business to persons in California.

20. Defendants Infuse and Silver do not purchase services or goods for the operations of their business or the website www.perezrevenge.com from any person or entity in California.

21. Defendants Infuse, Silver, and the website www.perezrevenge.com business do no target and never have targeted their business in such a way that it is intended to or has had an effect in California or on commerce in California.

22. Defendant Silver has never traveled to in or to California to conduct, meet with or solicit or promote any business related to the operation of the website www.perezrevenge.com or Defendant Infuse's business.

23. Defendants Infuse and Silver have not traveled to or conducted business with any person or entity in California with regard to the operation of the website www.perezrevenge.com.

24. No employee or agent of Defendants Infuse, Silver, and the website www.perezrevenge.com business reside in California or have traveled in or to California to conduct business.

25. Defendants Infuse, Silver, and the website www.perezrevenge.com business are not authorized or registered, and never have been authorized or registered, with the Secretary of State for the State of California to transact business.

26. Defendants Infuse, Silver, and the website www.perezrevenge.com business have never invoked the jurisdiction of any Court in the State of California or any regulatory or administrative agency in the State of California.

27. Defendants Infuse, Silver, and the website www.perezrevenge.com operations can be accessed by and is in fact addressed to any person with internet access anywhere in the world.

28. Defendants Infuse and Silver have been targeted by Lavandeira (i) to try to drive them out of business, (ii) harass them, (iii) to force them to turn over the rights to the website

www.perezrevenge.com, and (iv) to otherwise prevent them from continuing to provide reliable and accurate "celebrity new services".

### Facts Related to Motion to Vacate Default

29. There is excusable neglect for why we – as pro se litigants – despite our efforts failed to comply with California procedure, how we sought to explain that the Court has no jurisdiction and that we have a meritorious defense to the litigation.

30. Without any disrespect to this Honorable Court, we submit that the Court has no jurisdiction over Defendants, and Plaintiff knew that before he filed this action.

31. The lawsuit itself is for alleged Cybersquatting and there is no good faith basis to believe that any person could confuse www.perezhilton.com with www.perezrevenge.com. There are not facts to support the conduct of which Plaintiff accuses Defendants and in fact prior to commencement of this action, Defendant Silver requested that Plaintiff advise her what facts, he had, if any to make the allegations, that (i) Defendant had violated the Cybersquatting laws, (ii) Defendants had done anything unlawful and (iii) Defendants were subject to jurisdiction in California. Plaintiff refused to respond and simply filed suit.

32. As for Defendants' efforts to file in a timely fashion, the Court knows that Defendants are not lawyers and cannot afford lawyers in California. We prepared and submitted a Motion, with supporting Declarations and Memorandum of Law, which was transmitted to and received by the Court in a timely fashion on October 27, 2008. However, since Defendants were unfamiliar the California procedures, and despite their best efforts, the Motion was unfortunately not properly formatted – Defendant did not include the full names of the parties on the caption to the Motion. On October 28, 2008, I called the Court to insure that it received the papers and was informed of the formatting problem. I

immediately sought to correct the problem and resubmitted the Motion, with the properly filled in names of all parties, and again with supporting Declarations and Memorandum of Law.   A copy of the corrected cover page was faxed to the Court and the full set of papers was sent by Certified Mail on October 31, 2008 and received by the Court on November 3, 2008.   And a courtesy copy of every pleading that Defendants filed were faxed to and received by Plaintiff's counsel.   Despite the fact that he was on notice of the pleadings being filed, on notice of the defects that had to be corrected and on notice of the re-filed pleadings, Plaintiff – without notice to me or my co-Defendant – moved for Entry of a Clerk's Default based on Defendants alleged failure to file their papers in a timely fashion.   As pro se litigants – I/we have gone to great expense to obtain messengers, transmit and deliver the papers to Court and to immediately correct the procedural defects that resulted from Defendants not including the full names of the parties. Defendants apologize to the Court for their errors.  However, the actions by the Plaintiff are little more than an attempt to gain an unfair procedural advantage in a case over which this Honorable Court never had jurisdiction in the first place.   As a result of Plaintiffs improperly filed complaint, I/we have incurred substantial fees, aggravation, lost opportunities and their business has been interfered with and that is and has been the motive of Plaintiff from the beginning.   Defendants respectfully pray that the Court vacate the defaults for excusable errors, because the Court does not have jurisdiction and for other good and equitable reasons.

## Conclusion

33. In view of the foregoing, I pray the Court grant my motion in its entirety.

Dated:       November 10, 2008
             New York, NY                              Elizabeth Silver

## DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated:     November 10, 2008
           New York, NY

_____
Elizabeth Silver

## DECLARATION OF MARGARET ROGERS
## IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION

=========================================================================

Margaret Rogers, hereby declares and says:

### Introduction

1. I am a pro se litigant in this action, in which Infuse LLC, Elizabeth Silver and I have been sued for alleged "Cybersquatting" as a result of my website www.perezrevenge.com. I am not a lawyer.

2. I have read and incorporate the allegations of and made by Elizabeth Silver in her accompanying Declaration in support of this Motion. And, in addition to those allegations I submit this Declaration in support of the Motion to Dismiss this Case in its entirety pursuant to FRCP 12 (b) (2) for lack of personal jurisdiction.

### Relevant Facts

3. I am a resident of New Jersey. I am not a resident of California, nor have I ever been a resident of the State of California.

4. I work with Defendant Infuse and Silver and the business I do in relation to the website www.perezrevenge.com is done in New York or New Jersey.

5. I do not post articles or news items onto the www.perezrevenge.com from any location in the State of California.

6. I am not the alter ego of Defendant Infuse.

7. I do not have and never have had any offices, and do not have and never have had property, in California.

8. I do not have and never have had employees in California.

9. I do not have and never have had bank accounts in California.

10. I do not solicit and never have solicited advertisers, and I do not direct and never have directed or marketing to persons, in California.

11. I do not purchase services or goods from any person or entity in California.

12. I do no target and never have targeted any business or person in a way that it is intended to or has had an effect in California or on commerce in California.

13. I have never traveled to in or to California to conduct, meet with or solicit or promote any business.

14. I have never applied to the Secretary of State for the State of California for a license or registration to do business.

15. I have never invoked the jurisdiction of any Court in the State of California or any regulatory or administrative agency in the State of California.

16. Defendants Infuse and Silver and I have been targeted by Lavandeira (i) to harass us, (ii) to force the turn over of the rights to the website www.perezrevenge.com, and (iii) to otherwise prevent them from continuing to provide reliable and accurate "celebrity new services".

## Conclusion

17. In view of the foregoing, I pray the Court grant my motion in its entirety.

Dated:        November 10, 2008                _____
              New York, NY                     Margaret Rogers

## DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated:        November 10, 2008                _____
              New York, NY                     Margaret Rogers

=============================================================================

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing

## RE-FILED NOTICE OF MOTION TO DISMISS THE COMPLAINT AND TO VACATE DEFAULT

along with supporting Affidavit and Statement of Authorities to be filed with the Clerk of the Court.   Hard copies of the papers are being mailed by first class mail, postage pre-paid and by fax and email to:

Bryan Freedman & Jesse Kaplan / Freedman & Taitelman LLP

1901 Avenue of the Stars, Suite 500, Los Angeles, CA  90067-6007

Tel (301) 201-0005 / Fax (301) 201-0045

Email: jkaplan@ftllp.com and bfreedman@ftllp.com

Dated:   November 10,  2008
New York, NY                               Elizabeth Silver