1 | FREEDMAN & TAITELMAN, LLP
2 | Bryan J. Freedman, Esq. (SBN 151990)
    Jesse Kaplan, Esq. (SBN 255059)
3 | 1901 Avenue of the Stars, Suite 500
    Los Angeles, California 90067
4 | Tel: (310) 201-0005
    Fax: (310) 201-0045

Attorneys for Plaintiff Mario Lavandeira, dba Perez Hilton

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LAVANDEIRA, dba PEREZ HILTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INFUSE, LLC, a New Jersey Limited Liability Company d/b/a www.perezrevenge.com; MARGIE E. ROGERS; ELIZABETH SILVER-FAGAN aka ELIZABETH SILVER; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV 08-04764 GPS (AJWx)<br><br>**DECLARATION OF BRYAN J. FREEDMAN IN OPPOSITION TO DEFENDANT INFUSE, LLC'S AND ELIZABETH SILVER'S MOTION FOR RELIEF FROM COURT ORDERS PURSUANT TO F.R.C.P. 60(B)**<br><br>[Opposition to Motion of Infuse, LLC to Vacate the Default Judgment filed concurrently herewith] |

///
///
///
///
///
///

1
DECLARATION OF BRYAN J. FREEDMAN IN OPPOSITION TO DEFENDANT
INFUSE, LLC'S AND ELIZABETH SILVER'S MOTION FOR RELIEF FROM
COURT ORDERS PURSUANT TO F.R.C.P. 60(B)

## DECLARATION OF BRYAN J. FREEDMAN

I, Bryan J. Freedman, declare as follows:

1. I am a member of the State Bar of California and am admitted to practice before this Court. I am a partner of Freedman & Taitelman, LLP and counsel for Plaintiff Mario Lavandeira, dba Perez Hilton ("Plaintiff" or "Lavandeira"). The matters stated below are based on my personal knowledge, unless noticed specifically otherwise. If called as a witness, I could and would testify competently thereto.

2. On July 22, 2008, the day after this matter was filed, Silver filed her own complaint against Plaintiff in the United States District Court for the Southern District of New York (the "New York Matter"). Silver is currently on her Second Amended Complaint in the New York Matter.

3. Since filing the New York Matter, Silver has inundated Plaintiff and Plaintiff's website's Internet Service Provider ("ISP") with Digital Millennium Copyright Act Notices of Infringement falsely claiming that Silver owns copyrights in approximately 142 celebrity news stories posted on the Infringing Website. Silver claims that Plaintiff infringed on those phantom copyrights by merely reporting on the same celebrity news.

4. In December 2008, Silver moved for a preliminary injunction in the New York matter to enjoin the Plaintiff's alleged infringement of Silver's alleged copyrights in over 200 news stories.

5. On January 7, 2009, United States Magistrate Judge Debra Freeman issued a report and recommendation denying Silver's motion for a preliminary injunction. A true and correct copy of Magistrate Freeman's report and recommendation is attached hereto as **Exhibit 1.** Magistrate Freeman criticized Silver's claims, indicating that "Plaintiff [Silver] has not shown on her motion – and it appears that she cannot show – that she is likely to prevail on the merits of her copyright claim." (*See* Report and Recommendation, p. 7). Magistrate Freeman

further rejected Silver's copyright claims by stating that "Moreover, even if the Court were to find that Plaintiff's [Silver's] work is protected by registered copyrights, Plaintiff [Silver] has not provided evidence capable of establishing an inference of illegal copying as to any original element of her work. The vast body of Plaintiff's [Silver] published work consists of facts and news items compiled on her website. The facts that Plaintiff [Silver] has compiled on her website are, by definition, not original and are not protected by copyright. *Feist Publ'ns, Inc.*, 499 U.S. at 350-51. Thus, **as a matter of law, Plaintiff's allegations that Defendant posted blog entries containing facts that had been previously published by Plaintiff cannot support a claim for copyright infringement**." (*See* Report and Recommendation, p. 8) (emphasis added). On or about February 25, 2009, Magistrate Freeman's report was confirmed by United States District Judge Jed S. Rakoff. A true and correct copy of that order is also attached hereto as **Exhibit 1.**

6. On or about January 12, 2009, Silver attempted to enter defaults against the defendants in that action, including Lavandeira. True and correct copies of Silver's Requests for Entry of Default are attached hereto as **Exhibit 2**.

7. On or about January 23, 2009, Silver filed a Cross-Motion for various relief. A true and correct copy of that motion without exhibits is attached hereto as **Exhibit 3**.

8. On or about February 2, 2009, Plaintiff filed opposition to Silver's motion for various relief. A true and correct copy of the declaration of Bryan Freedman in opposition to that motion, without exhibits, is attached hereto as **Exhibit 4**.

9. On or February 9, 2009, Silver filed a reply. A true and correct copy of that reply is attached hereto as **Exhibit 5**.

10. Plaintiff has filed a trademark application for the mark "Perez Hilton." In particular, application number 78956462, is currently pending. That application is

to register the mark with respect to, among other things, "Entertainment services, namely, production of an online weblog, namely, providing online journals and an Internet website, all in the fields of entertainment news and celebrity gossip." A true and correct copy of a status report relating to that application from the United States Patent and Trademark Office's ("USPTO") website is attached hereto as **Exhibit 6**. Infuse fails to mention this registration in its motion.

11. On or about April 21, 2009, the USPTO sent an email to Plaintiff's transactional attorney with respect to registration 77531137, the registration that Infuse claims was refused. A true and correct copy of that email, available on USPTOs' website, is attached hereto as **Exhibit 7**. It indicates that the final refusal only applies to one class of goods, "paper goods," because this description was too indefinite. Furthermore, this email not only indicates that the refusal was limited to that particular class of goods, it also indicates that Plaintiff has up to 6 months to cure this identification.

12. Silver's ex-husband, Edward Fagan ("Fagan"), was an attorney. Fagan has accompanied Silver to Court in the New York Matter. Silver has also copied Ed Fagan at faganlaw@gmail.com in correspondence relating to the New York Matter. A true and correct copy of one such email between Silver and Lavandeira's New York counsel is attached hereto as **Exhibit 8**.

13. Ms. Silver and Ed Fagan have litigated together before in an action brought against Margie Rogers, and Ms. Rogers' parents, grandparents and others for $20 million. A true and correct copy of the Amended Complaint in *Fagan v. Jaffe, Rogers, et al.*, L-7205-7 (N.J. Super. Ct. Law Div.), is attached hereto as **Exhibit 9**.

14. Fagan has been disbarred in New York. A true and correct copy of the New York Appellate Division, First Department's Opinion dated December 11, 2008, disbarring Fagan, is attached hereto as **Exhibit 10**.

I declare under penalty and perjury under the laws of the United States of the foregoing is true and correct.

Executed this 15th day of June, 2009, at Los Angeles, California.

_____
Bryan J. Freedman, Esq.

---

DECLARATION OF BRYAN J. FREEDMAN IN OPPOSITION TO DEFENDANT INFUSE, LLC'S AND ELIZABETH SILVER'S MOTION FOR RELIEF FROM COURT ORDERS PURSUANT TO F.R.C.P. 60(B)